HARRIET MASKELL ET AL. *v.* WM. GOODALL ET AL.

(No. 7,135.)

1. Where property is devised, and the devisee waives the title by election, this election to take a legal right against the will, thereby disappointing other devisees for whose benefit the property covered by the legal right was intended, is followed by compensation to the disappointed devisees. The subject matter of the rejected devise is held to be bound for this purpose.

2. In the event of such an election to take against the instrument, the court will assume jurisdiction to sequester the benefit intended for the refractory devisee, in order to secure a compensation to those whom the election disappoints.

3. The object of our statute was not to create a case of election, but to regulate and limit one before well known and existing, and was not intended to interfere with any consequence resulting from it.

4. The principle which authorizes compensation to devisees disappointed by an election, applies to the case of an election made by a widow not to take under the will of her husband.

SPECIAL TERM.—Action brought by the plaintiffs, devisees

and heirs at law of John Roberts, Sr., deceased, against the defendants, William Goodall and John Preston, his executors, for an account of certain property which, under the provisions of his will, have come under the executors' control. The defendants do not object to render an account, and pay to the plaintiffs any amount to which they may be entitled, but claim that they are not able without a judicial construction and determination of the effect of certain parts of the will of their testator, in connection with events transpiring after his death, to ascertain the amounts to which the respective devisees and heirs will be entitled.

It appears that the testator devised to his wife Sarah, who has since deceased, certain real and personal property intended to be in lieu of dower, and made specific devises of certain other real estate to persons other than the present plaintiffs. The widow declining to take under the will was endowed, and her dower was assigned out of the real estate so specifically devised; thus disappointing *pro tanto* the specific devisees. The property devised to the widow in lieu of her dower is not otherwise disposed of in the will; in other words, there is no provision in the will for the contingency which has happened, that the widow should take her dower, and not under the will.

*W. B. Probasco,* for plaintiffs.

*Bates & Scarborough,* for defendants.

GHOLSON, J. The question arises and is presented in this case, whether the property which the widow has relinquished by her election, goes to the heirs at law and distributees of the testator, or, whether the devisees, who have been disappointed, have a claim upon it to make good what they have lost.

The general principle governing cases of election, has been thus stated: "Wherever any person having a claim upon a man's estate, independent of him, and also a claim thereupon

under his will, which claims are repugnant to each other, pursues the former, the latter is thereby waived or abandoned; for it being against the intention of the will, that the devisee should have both, equity, therefore, considers such devise to be upon an implied condition, that the devisee shall abandon his original title, or shall waive his title by devise." 5 Call, 481, 492, *Blunt* v. *Gee*; 11 Ohio, 343–350, *Melick* v. *Darling*. What then, according to the general principle on the subject, becomes of the property devised when the devisee waives the title by election? The rule, on this subject, though there be some contrariety as to the mode or extent to which it operates, appears to be well settled. The election to take a legal right against the will, and thereby disappointing other devisees, for whose benefit the property covered by the legal right was intended, is followed by compensation to the disappointed devisees. The subject matter of the rejected devise is very clearly held to be bound for this purpose. 2 Spence Eq. Jur. 601; 2d Story Eq. Jur. secs. 1083, 1084, 1085. "In the event of such an election," it is said in the last authority, "to take against the instrument, courts of equity will treat the substituted devise not as an extinguished title, but as a trust in the devisee for the benefit of the disappointed claimants, to the amount of their interest therein; or, as it has been well expressed, they will assume jurisdiction to sequester the benefit intended for the refractory donee, in order to secure compensation to those whom his election disappoints."

Such being the general principles as to cases of election and compensation, do they apply to the case of a widow making an election under the provisions of the statute? I think it will appear that the object of the statute was not to create a case of election, but to regulate and limit one before well known and existing, and, of course, that with any consequence resulting from it, the statute was not intended, in any manner, to interfere. Such is the view entertained in a number of authorities. In a case decided in Alabama, where a statute exists similar to ours, it was said,

in substance, that the only change made was the introducing a fixed and definite time within which the widow is compelled to signify her dissent to the will; and this not being done, any provision made with her right under the law, becomes obligatory upon her. 6 Ala. 243. The same view is taken, therefore, in a case in Kentucky, in which it is said of the rights of a widow, that she has two rights—one under the law, and one under the will—which are "presumed to be inconsistent, and which ought not both to be exercised. She is, therefore, required to elect between them. From considerations of obvious convenience, and to avoid unnecessary confusion in the management and distribution of the estate, the widow is required to make her election within one year, and in the manner prescribed, by which it is to be certainly and unquestionably demonstrated." 11 B. Monroe, 370–383. It is evident, the matter is here considered as a case of election, the time and mode only of which is regulated by the statute. To the same effect are cases in Virginia. 8 Leigh. 409; 5 Call, 481, 492, 499. In the last case the history of the law as to an election by the widow is traced out, and the statutes on the subject are considered in the light of statutes of limitation, fixing the time within which the obligation before existing to make an election must be fulfilled. Such also appears to be the conclusion as to the statutes on the subject in Massachusetts. 12 Pick. 150, *Reed* v. *Dickerman*; 1 Metc. 66, 70, 72.

In view of these authorities, and, I may add of the very nature, reason and justice of the case, I come to the conclusion that the principle which authorized compensation to devisees disappointed by an election, applies to the case of an election made by a widow not to take under the will of her husband. So far, therefore, as that principle applies in the present case it must be observed.

Decree accordingly.